IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERTO TIRADO-GARDÓN, NAYDA AYALA QUIÑONES, GLORIMAR OJEDA CRUZ, MARÍA Z. BURGOS CORCINO, BETSY RAMOS VELÁZQUEZ, MARITZA BONILLA RODRÍGUEZ, MARÍA M. GARCÍA DE QUEVEDO, WILLIAM CONDE GONZÁLEZ, BILLY PAGÁN RIVERA, ILSA PAGÁN IRIZARRY, CARMEN DÍAZ ESPADA, MARÍA CAMACHO CRUZ, MILAGROS M. SOLLA VARGAS, ERNA CRUZ OYOLA, LAURA E. FLORES BAGÚ, RUBÉN OTERO ROSARIO, CARMEN M. REYES ROSARIO, HILCA I. MARRERO MARRERO, BRENDA MALDONADO ORTIZ, AMARILIS RODRÍGUEZ PÉREZ, WANDA I. AMADOR NEGRÓN, ANA M. CRUZ MORALES, LUIS BERRÍOS ARZUAGA, MARÍA DEL C. RODRÍGUEZ GARCÍA, OTILIA QUIRÓS TORRES, MARÍA E. REYES MORALES, HILDA REYES COLÓN, MARÍA M. SANTOS PORTALATÍN, DEBORAH ACOSTA HERNÁNDEZ, ENRIQUE SEDA DÁVILA, RAFAEL A. NEGRÓN VARGAS, MAGALI RODRÍGUEZ SÁNCHEZ,<br><br>Plaintiffs<br><br>v.<br><br>RAFAEL ARAGUNDE-TORRES, Secretary of Education of the Commonwealth of Puerto Rico, WALDO E. TORRES, Deputy Secretary of Education, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, THEIR AGENTS, EMPLOYEES AND SUCCESSORS IN OFFICE,<br><br>Defendants | CIVIL 06-1044 (JAG) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

(COLORADO RIVER ABSTENTION)

CIVIL 06-1044 (JAG)                              2

On January 18, 2006, plaintiffs, teachers in the Department of Education of the Commonwealth of Puerto Rico, filed a complaint against Rafael Aragunde Torres, Secretary of Education, and Waldo E. Torres, Deputy Secretary of Education, of the Commonwealth of Puerto Rico, suing them in their individual and official capacities, and seeking injunctive relief and damages based upon their having been summarily dismissed after their tenures as teachers were annulled.  Plaintiffs, alleging a property right in their positions, argue that the annulment of their positions and their dismissals are due to their being members and/or supporters, and/or participants in activities organized by the Federation of Teachers, their labor relations representative.

Plaintiffs allege in their jurisdictional statement that this is a civil rights action filed pursuant to 42 U.S.C. § 1983, and its jurisdictional counterpart 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1331.  Plaintiffs also plead violations of the First, Fifth and Fourteenth Amendments to the United States Constitution in seeking declaratory and injunctive relief, back pay, prejudgment interest, compensatory and punitive damages and other unspecified damages.  Plaintiffs also bring supplemental claims under article 1802 of the Civil Code of Puerto Rico, and the Civil Rights Act of Puerto Rico.

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).

The hearing on the motion for preliminary injunction was held on January 27, and February 1, 2, 2006.

On February 6, 2006, the defendants filed a motion requesting dismissal or stay under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814-15 (1976).  (Docket No. 25.)  While the defendants observed that abstention

CIVIL 06-1044 (JAG)                                3

from the exercise of federal jurisdiction is the exception and not the rule, they also argue that such abstention can be required in order to avoid needless conflict with the administration by a state of its own affairs. Burford v. Sun Oil Co., 319 U.S. 315, 332-33 (1943). Expanding on Burford, the Colorado River Court explained that Burford abstention "is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. . . . It is enough that exercise of federal review of the state question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Colorado River Water Conservation Dist. v. United States, 424 U.S. at 814.

     The defendants urge that the court either dismiss this case or stay the proceedings as the result of state proceedings over the same subject. They argue that plaintiffs' cause of action filed at the Public Servants Labor Relations Commission has been appealed and that appeal was filed on January 30, 2006. The defendants argue that the case filed at the Commission will examine all of the evidence from both parties and that the contentions are the same here as there. The defendants argue that this case presents exceptional circumstances that warrant dismissal, or in the alternative a stay pending the outcome of the state proceedings. First the actions are sufficiently parallel to trigger Colorado River. Second, the Commission cause of action is substantially the same action as filed here. The Commission decision would clarify the core state law issue concerning plaintiff's employment termination, since it would determine whether such decision was based on discrimination or on a valid interpretation of applicable state law. Finally the

CIVIL 06-1044 (JAG)                              4

Public Servants Labor Relations Commission would adequately protect the parties' rights.

On February 13, 2006, plaintiffs filed an opposition to the motion requesting dismissal or stay, (Docket No. 30), arguing that the existence of parallel state proceedings has not been held to be an obstacle for exercising federal jurisdiction where First Amendment violations or civil rights violations are alleged. See Río Grande Cmty. Health Ctr., Inc. v. Rullán, 397 F.3d 56, 72 (1st Cir. 2005); Pastrana Torres v. Zabala Carrión, 376 F. Supp. 2d 209, 215 (D.P.R. 2005). Plaintiffs argue that the Federation of Teachers of Puerto Rico filed an arbitration petition before the Commission based upon the collective bargaining agreement between the federation and the Department of Education, where the federation represents 35,000 teachers, among them the 32 in this case. The Federation filed the arbitration request regarding 97 teachers. The issue in the arbitration petition is limited to the provisions of the collective bargaining agreement and does not go into constitutional or civil rights issues which are present in this case. Plaintiffs have actually asked the Federation to withdraw the arbitration petitions before the Commission. They argue that since they have asked the Federation to withdraw the petition, by way of a request dated February 9, 2006, this action renders moot the consideration of parallel proceedings. See Nieves Román v. Commonwealth of Puerto Rico, 338 F. Supp. 2d 264, 266 (D.P.R. 2004).

Under the rule of abstention, "a District Court may decline to exercise or postpone the exercise of its jurisdiction" when it appears that the interests of the parties involved would be better served in state court. Colorado River Water Conservation Dist. v. United States, 424 U.S. at 813 (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959)). In this case, the defendants

CIVIL 06-1044 (JAG)                              5

claim that plaintiffs are conducting parallel proceedings, which could be better resolved under state law by a specialized forum. While this may be true, again, abstention is the exception to the rule and is used at the court's discretion. See Colorado River Water Conservation Dist. v. United States, 424 U.S. at 813; KPS & Assoc. v. Designs By FMC Inc., 318 F.3d 1, 10 (1st Cir. 2003). Abstention is appropriate and may be used in cases: (1) where "a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law[,]" Colorado River Water Conservation Dist. v. United States, 424 U.S. at 814 (quoting County of Allegheny v. Frank Mashuda, Co., 360 U.S. at 189), or (2) where "difficult questions of state law" have been presented that bear "on policy problems of substantial public import whose importance transcends the result in the case then at bar[,]" Colorado River Water Conservation Dist. v. United States, 424 U.S. at 814 (citation omitted), or (3) where "absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, state nuisance proceedings . . . , or the collection of state taxes." Id. at 816 (citations omitted). In reviewing the complaint, it is clear that plaintiffs raise issues of federal law, and probably seek to introduce "difficult questions of state law." Id. at 814. Additionally, plaintiffs' complaint does not fall within the third category found in Colorado River.

If a case does not fall within these categories of abstention, a court can determine whether to dismiss if it involves "the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." Colorado River Water Conservation Dist. v. United States, 424 U.S. at 817; see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 718 (1996). However, this is

CIVIL 06-1044 (JAG)				6

exceptional and more limited than the circumstances surrounding the abstention doctrine. Currie v. Group Ins. Comm'n, 290 F.3d 1, 9 (1st Cir. 2002). The First Circuit Court of Appeals has established six factors based on Colorado River and Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., in regards to parallel proceedings. The factors used to determine dismissal are: "(1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties." Currie v. Group Ins. Comm'n, 290 F.3d at 10.

The court must therefore decide whether this case is parallel to any other case brought against the defendants. See Colorado River Water Conservation Dist. v. United States, 424 U.S. at 817. Although claims based on state law are asserted by the plaintiffs, it does not preclude this court from advancing with this case. Since there are no "federal claims [which are] 'in any way entangled in a skein of state law,'" there is no reason why this case cannot proceed in the federal forum. Quackenbush v. Allstate Ins. Co., 517 U.S. at 727 (quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 361 (1989)). Thus, the defendants have not proven that this case contains such "exceptional circumstances" as to be dismissed under the doctrine of Colorado River. KPS & Assoc. v. Designs By FMC Inc., 318 F.3d at 10; see Behavioral Healthcare Partners, Inc. v. González Rivera, 392 F. Supp. 2d. 191, 199-200 (D.P.R. 2005).

A review of the proffers makes it fairly certain that plaintiffs currently have no parallel state court proceeding which would conclude in conflicting results. Indeed, as it relates to these plaintiffs, there may not be a parallel state proceeding

at all. Thus, all of the factors I might be called upon to weigh heavily at the defendants' invitation become irrelevant. Accordingly, it is recommended that the motion to dismiss or to stay under Colorado River be DENIED.

Because I find a lack of merit in the Colorado River argument, the preliminary injunction hearing is resumed to continue on March 22, 2006 at 2:00 p.m. I revisit my previous ruling on the method of presentation of evidence. Plaintiffs will be allowed to adopt their statements under oath and will be cross-examined on those statements and relevant matters.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 2nd day of March, 2006.

S/ JUSTO ARENAS
Chief United States Magistrate Judge