IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERTO TIRADO-GARDON, et al., **Plaintiff(s)** v. RAFAEL ARAGUNDE-TORRES, et al., **Defendant(s)** | **CIVIL NO**. 06-1044(JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is a Motion for Preliminary Injunction, filed by plaintiffs on January 18th, 2006.[1] (Docket No. 5). On May 24th, 2006, Chief Magistrate-Judge Justo Arenas issued a Report and Recommendation (R&R) to **DENY** the Motion. (Docket No. 68). For the reasons set forth below, the Court **ADOPTS** the R&R in its entirety.

**FACTUAL AND PROCEDURAL BACKGROUND**

Since the R&R provides a thorough account of the events in this case, the Court will provide a synopsis of the essential facts. (Docket No. 68 at 2-20).

In May of 2000, plaintiffs received Alternate Teacher's Certificates from the Puerto Rico Department of Education. Such Certificates were issued pursuant to an amendment to the regulations

---

[1] Of the 32 original plaintiffs, 15 have been recalled to work by defendants. Thus, the claim remains viable for 17 plaintiffs.

on teachers' certification signed by former Secretary of Education Victor Fajardo, in order to fill a demand for teachers in certain areas.[2] The Certificates eliminated the need to comply with any procedural or academic requirements needed to obtain a Regular Teacher's Certificate, but were valid only for a period of five years.[3]

Subsequently, former Secretary of Education Cesar Rey issued a regulation granting regular status to transitory employees who at the time had been full-time teachers for more than two years. Plaintiffs allege that Rey's regulation granted them tenure and, thus, vested them with a property interest in their appointments.

On August 25th, 2005, the current Secretary of Education, Rafael Aragunde, and Deputy Secretary Waldo Torres, informed plaintiffs that pursuant to the No Child Left Behind Act, 20 U.S.C.

---

[2] Plaintiffs have been teachers of English, Special Education, Drama, Spanish and Mathematics. (Docket No. 68 at 3).

[3] Certification of teachers in Puerto Rico is regulated by Act No 94 of June 21, 1955, P.R. Laws Ann. Tit.§ 260 et seq (Act 94). Pursuant to Act 94, there are only two types of certifications: 1) Regular Teacher's Certificate; and 2) Provisional Teacher's Certificate. Id., at § 260 (1) &(2). A "Teacher's Certificate" is defined as "a document issued by the Secretary of Education entitling the holder thereof to engage in the teaching or technical work specified therein." On the other hand, a "Provisional Teacher's Certificate" is defined as "[a] document provisionally and temporarily authorizing the holder thereof to engage in teaching, when such holder does not meet the qualifications of academic training and experience, or either of them, as required by law and the regulations in force for the granting of a teacher's certificate."

Civil No. 06-1044 (JAG)                                                3

§ 6301 et seq., they had to complete all the requirements to obtain Regular Teacher's Certificates before the end of the 2005-2006 school year. On December 7th, 2005, Aragunde and Torres issued another letter informing plaintiffs that since they were not going to comply with the requirements of the No Child Left Behind Act by the deadline imposed, they were being dismissed from their positions. The letter further noted that plaintiffs did not have a right to tenure, inasmuch as they only possess an Alternate Teacher's Certificate. In response to this, the plaintiffs organized and participated in public protests against the defendants' decision.

On January 17th, 2006, plaintiffs brought the present § 1983 complaint, alleging that the defendants summarily annulled a property right conferred upon them because of their protest activities as members of the Federation of Teachers (their labor relations representative), without a pre-termination hearing, in violation of their rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. (Docket No. 1). On that same date, plaintiffs moved for a preliminary injunction to reinstate them to their positions within the Puerto Rico Department of Education. The Motion was referred to a Magistrate-Judge for a hearing and R&R. (Docket No. 3).

Civil No. 06-1044 (JAG)                                                    4

On May 24th, 2006, after six days of hearings,[4] Chief Magistrate-Judge Justo Arenas issued an R&R to **DENY** the Motion for Preliminary Injunction, as he found that "it is at best uncertain and probably unlikely that plaintiffs will ultimately prevail." (Docket No. 68 at 35). Specifically, the Magistrate-Judge concluded that: 1) plaintiffs' appointments are probably null and void, since they all hold an Alternate Teacher's Certificate which does not currently fit any definition in the state statute; 2) plaintiffs' membership in a particular labor organization was not a motivating factor for their dismissal, as "it is clear that the result would have been the same and that all similarly situated teachers would have been discharged on December 28, 2005";[5] 3) while a showing of injury has been made, such injury is not irreparable, since repair is available not only through formal conversations, but also by judgment; and 4) while it would be less onerous for the Department of Education to employ the plaintiffs, the public interest is best served by not enjoining the government from "following a facially valid regulatory scheme in its mission to provide the best education possible," and in keeping with the requirements of the No Child Left Behind Act and state law.  Id.

---

[4] Hearings were held on January 27, February 1 and 2, March 22, and April 4 and 5, 2006. (Docket No. 68 at 5).

[5] Docket No. 68 at 30.

Civil No. 06-1044 (JAG)                                              5

On May 4th, 2006, plaintiffs filed objections to the following findings of the Magistrate-Judge: 1) his determination that plaintiffs could not comply with the requirements for a Regular Teacher's Certification by June of 2006; 2) the alleged nullity of plaintiffs' appointments; 3) his statements regarding plaintiffs' options in state court. The Court will address each claim seriatim.

**STANDARD OF REVIEW**

A. Standard for Reviewing a Magistrate-Judge's Report and Recommendation

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate-Judge for a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate-Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. See 28 U.S.C. § 636(b)(1). Since plaintiffs have filed timely objections to the Magistrate-Judge's Report and Recommendation, the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez v. Chater, 8 F.Supp.2d 152, 154 (D.P.R. 1998).

Civil No. 06-1044 (JAG)                                                6

## DISCUSSION

1) <u>Plaintiff's compliance with the requirements for a Regular Teacher's Certificate</u>

Plaintiffs object to the Magistrate-Judge's finding that they could not comply with the requirements for a Regular Teacher's Certificate by June of 2006. (Docket No. 75 at 4).

Upon <u>de novo</u> review of the record, the Court rules that this objection is unavailing, as plaintiffs <u>only</u> show that the deadline for compliance has been extended to June of 2007, and that they are <u>in the process</u> of fulfilling the requirements to obtain a Regular Teacher's Certificate.  (Docket No. 75 at 4).  However, plaintiffs fail to argue--much less furnish material evidence--that they will meet all the requirements by the new deadline. On this record, the Court must agree with the Magistrate-Judge's conclusion that plaintiffs' chances of meeting this requirement are, at best, uncertain.

2) <u>The alleged nullity of plaintiffs' tenure</u>

Plaintiffs also object to the Magistrate-Judge's conclusion that their appointments as tenured teachers are "probably null and void."  Plaintiffs insist on the fact that Cesar Rey granted them the status they seek to enforce, and suggest that said regulation has the force of law regardless of whether it is supported by the actual legislation.  (Docket No. 75 at 4-5).

Civil No. 06-1044 (JAG)                                                7

After <u>de novo</u> review, the Court finds that this objection is also unavailing. The Magistrate-Judge correctly noted that "if a regulation promulgated by an executive authority fails to comply with the requirements of the statute, no property interest results from such promulgation." (Docket No. 68 at 24). Accordingly, upon finding that Act 94 does not contain a classification like the one plaintiffs claim to have, and in light of the fact that plaintiffs' Alternate Teacher's Certificates were issued for a limited period of five years, the Magistrate-Judge correctly concluded that "there is no presumption of validity in the appointments in question." <u>Id.</u>, at 25.

To this, plaintiffs simply counter that there is a presumption of validity in the Department's actions, but fail to argue how this general principle is applicable to the matter at bar. (Docket No. 75 at 4-7). Since plaintiffs do not provide the Court with authoritative arguments to rebut Magistrate-Judge's findings, the Court **ADOPTS** the R&R on this score.

3. <u>Applicability of exhaustion of state remedies doctrine</u>

Plaintiffs object to the Magistrate-Judge stating that plaintiffs still have remedies in state court because "there is no requirement in state or federal law that obliges...to exhaust their grievance and arbitration procedures before filing a section 1983 suit." (Docket No. 75 at 7).

Civil No. 06-1044 (JAG)                                                    8

     The objection is ineffectual.  The Court has reviewed the R&R and found that the Magistrate-Judge only makes a passing reference, when discussing one of the prongs of the preliminary injunction standard, to the fact that plaintiffs have remedies available in state court.[6]  (Docket No. 68 at 32).  However, neither the text nor the spirit of the Magistrate-Judge's expression suggest that plaintiffs are required to exhaust state remedies prior to filing a section 1983 complaint in federal court.  The availability of state remedies was just one of various findings that led the Magistrate-Judge to conclude that denying the injunction would not cause irreparable harm to plaintiffs. Therefore, the Court dismisses this objection.

### CONCLUSION

     For the reasons discussed above, the Court **ADOPTS** the R&R <u>in toto</u> and, accordingly, **DENIES** plaintiffs' application for preliminary injunction.

     IT IS SO ORDERED.

     In San Juan, Puerto Rico, this 27th day of June, 2006.

                                              <u>S/Jay A. Garcia-Gregory</u>
                                              JAY A. GARCIA-GREGORY
                                              United States District Judge

---

[6] The R&R states, in pertinent part, that "[i]t has clearly not been shown that available state remedies are futile and that they would not result in full redress if plaintiffs were to prevail, although those proceedings are more limited in scope and remedy than those available in this case."  (Docket No. 68 at 32).